UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JERRIE VANDER HOUWEN,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

NO. CV-09-3019-LRS

**ORDER OF DISMISSAL**

On July 24, 2009, this court entered an order (Ct. Rec. 22) pointing out deficiencies in the First Amended Complaint filed by the *pro se* Plaintiff and directing him to file a Second Amended Complaint. Plaintiff filed his Second Amended Complaint on August 24, 2009 (Ct. Rec. 23). The court has reviewed the same, concludes that it fails to state any claims upon which relief can be granted, and therefore will dismiss it with prejudice, dismiss this action, and direct this file to be closed.[1]

**I. DISCUSSION**

    **A. Fed. R. Civ. P. 12(b)(6) Standard**

---

[1] The court may dismiss a complaint on its own initiative for failure to state a claim, where the inadequacy of the complaint is apparent as a matter of law. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *Shawnee Int'l N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984).

**ORDER OF DISMISSAL-**     1

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide 'the grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id*.

### B. Negligence Claims

Plaintiff continues to name the United States of America as a Defendant in

**ORDER OF DISMISSAL-    2**

his Second Amended Complaint.  On this occasion, he contends a basis for liability of the United States is that the elk involved in this case were transferred from Yellowstone National Park by the federal government to the jurisdiction of the State of Washington Fish and Wildlife Department, and were eventually the same elk who invaded his orchard.  This is essentially the same theory of vicarious liability on the part of the United States that Plaintiff advanced in his First Amended Complaint and which this court rejected as being legally implausible.

Moreover, any tort claim against the United States for negligence is clearly time-barred.  Under the Federal Tort Claims Act, 28 U.S.C. §2401(a), a civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.  Here, the right of action related to damages to Plaintiff's orchard accrued no later than early 2000, *State v. Vander Houwen*, 163 Wn.2d 25, 29-30 (2008), well in excess of six years before Plaintiff first filed his civil action in this court on February 13, 2009.  (Ct. Rec. 1).  The filing and actual or constructive denial of an administrative tort claim against the United States is a prerequisite to commencing a civil action against the United States.  28 U.S.C. §2675(a).  Plaintiff filed his administrative tort claim on June 5, 2009, but that is also untimely because it was not presented in writing to the appropriate federal agency within two years after his claim accrued.  28 U.S.C. §2401(b).

Any negligence claims asserted against the State of Washington or state officials related to the damage to Plaintiff's orchard are also time-barred.  Any civil action had to be commenced within three years of when the right of action first accrued.  RCW 4.16.080.  The fact that Plaintiff was criminally prosecuted for killing some of the elk which damaged his orchard did not prevent him from

**ORDER OF DISMISSAL-    3**

timely seeking civil relief for the damage.[2]

### C. Malicious Prosecution Claims

The United States was not responsible for criminally prosecuting the Plaintiff and therefore, malicious prosecution claims can only be asserted against Yakima County and against state and county officials.[3]

Unlike negligence claims seeking to recover for damage to Plaintiff's real property, malicious prosecution claims seeking to recover for personal injury to the Plaintiff are not time-barred. Plaintiff's criminal convictions were not reversed on appeal by the Washington State Supreme Court until February 2008, *State v. Vander Houwen*, 163 Wn.2d 25, 177 P.3d 93 (2008), and it appears the charges were not finally dismissed with prejudice by the Yakima County District Court until June 5, 2009. As such, the right of action on malicious prosecution claims did not accrue until June 5, 2009.

Among the Defendants named by Plaintiff in his Second Amended Complaint are Yakima County Judges Ruth Reukauf and Michael E. Schwab. Judge Reukauf was the presiding judge during Plaintiff's trial in Yakima County District Court. Superior Court Judge Schwab subsequently affirmed the judgment of conviction from the district court. Also named as Defendants are members of

---

[2] It is unclear whether Plaintiff ever sought compensation pursuant to RCW Chapter 77.36 regarding "Wildlife Damage."

[3] A State or state entity cannot be sued under 42 U.S.C. §1983 in state or federal court. A county can, however, subject to the requirement that it be alleged and proven that the constitutional violation was the result of a policy or custom of the county. States and counties can be sued for state law malicious prosecution claims on a theory of vicarious liability. State and county officials can be sued under §1983 as long as they are sued in their personal capacities. They can also be sued under state law for malicious prosecution.

**ORDER OF DISMISSAL-    4**

the Washington Court of Appeals, Division III (Brown, Kato and "Schwalters"), who were involved (or at least presumably involved) in the affirmance of Plaintiff's convictions on appeal, prior to the state supreme court's reversal of the same.[4]  These judicial officers are entitled to absolute judicial immunity which shields them from liability for willful misconduct, as well as negligence.  The doctrine of judicial immunity was developed to protect judges from lawsuits filed by litigants displeased with a judge's decision.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922-23 (9th Cir. 2004); *Lallas v. Skagit County*, 144 Wn.App. 114, 182 P.3d 443 (2008).

Also named as Defendants are individuals who were involved in (or presumably involved in) the criminal prosecution of the Plaintiff (Sullivan, Zirkle, Ramm, McKenna, Van Hook).  These individuals are entitled to absolute prosecutorial immunity from liability.  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in f his role as an advocate for the State, are entitled to the protections of absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993). *See also Musso-Escude v. Edwards*, 101 Wn. App. 560, 567-68, 4 P.3d 151 (2000).

Plaintiff also names as Defendants two Washington State Department of Fish and Wildlife agents (Bereis and Keohls) who were presumably responsible for issuing the citations to Plaintiff for waste of wildlife (RCW 77.15.170) and killing big game out of season (RCW 77.15.410).  These agents are not entitled to prosecutorial immunity from liability.  It is clear, however, that Plaintiff fails to state a malicious prosecution claim against these Defendants upon which relief can

---

[4] Judge Brown authored the decision of the court of appeals affirming Plaintiff's convictions.  *State v. Vander Houwen*, 128 Wn.App. 806, 115 P.3d 399 (2005).

**ORDER OF DISMISSAL-    5**

be granted.

The Washington Supreme Court has recognized five separate elements of the common law tort of civil malicious prosecution: (1) defendant initiated or continued the prosecution claimed to have been malicious; (2) the prosecution of the action lacked probable cause; (3) proceedings were instituted or continued through malice; (4) proceedings terminated on the merits in favor of the plaintiff or were abandoned; and (5) the plaintiff suffered injury or damage as a result of the prosecution. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993). Malice and want of probable cause constitute the gist of a malicious prosecution claim. *Id*. Probable cause is a complete defense to a malicious prosecution claim. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 499, 125 P.2d 681 (1942).

Malicious prosecution with the intent to deprive a person of equal protection of the law or otherwise subjecting a person to a denial of constitutional rights is also cognizable under 42 U.S.C. §1983. *Poppell v. City of San Diego,* 149 F.3d 951, 961 (9th Cir. 1998) (*citing Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987)). To establish a constitutional claim of malicious prosecution, a plaintiff must present evidence that he was prosecuted (1) with the purpose of denying him a constitutional right, and (2) with malice and without probable cause. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). See also *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Malicious prosecution actions may be brought against those persons who wrongfully caused the charges to be filed. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002). For a malicious prosecution claim to be successful, not only must there be evidence of a lack of probable cause, there must be evidence that the criminal proceedings were commenced with malice. "Malice" is a distinct element of a malicious prosecution claim, although it may be inferred from a lack of probable cause. The "malice" element may be satisfied by

**ORDER OF DISMISSAL-    6**

proving that the prosecution complained of was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff. *Bender v. City of Seattle*, 99 Wn.2d 582, 594, 664 P.2d 492 (1983), citing *Peasley*, 13 Wn.2d 485, 502, 125 P.2d 681 (1942). See also *Peterson v. Littlejohn*, 56 Wn.App. 1, 10, 781 P.2d 1329 (1989). A malicious prosecution claim under Section 1983 is based on state law elements. *Usher*, 828 F.2d at 562.

Based on the fact recited in *State v. Vander Houwen*, 163 Wn.2d at 29-31, there was probable cause to believe Plaintiff had committed the offenses of waste of wildlife and killing game out of season. Plaintiff repeatedly complained to the Department of Fish and Wildlife that elk were causing damage to his orchard. On January 12, 2000, he informed Bereis that shooting over the heads of the elk was not deterring them. The response of Bereis was that he would attempt to organize Department efforts to help, but that he could not do anything for about a week due to the upcoming Martin Luther King, Jr., holiday. Plaintiff replied that he could not continue to wait for the Department to do something, and that he would have to start shooting directly at the elk. Two weeks later, the Department received a report that dead elk were seen in the vicinity of Plaintiff's orchard. Two officers went to the orchard and found 10 dead elk. Using a metal detector, they found .270 caliber slugs in two of the elk. Plaintiff admitted he shot at the elk and that he owned a .270 caliber rifle, but that he was unable to tell whether he had killed any of the elk.

The fact Plaintiff was acquitted by a jury on all 10 counts of waste of wildlife and 8 counts of killing game out of season does not mean there was not probable cause to charge the Plaintiff with those offenses. The jury needed to be satisfied beyond a reasonable doubt that Plaintiff committed the offenses and violated the law. This is a much higher standard than probable cause which requires only that officers have "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an

**ORDER OF DISMISSAL-    7**

offense has been or is being committed." *United States v. Lopez*, 482 F.3d. 1067, 1072 (9th Cir. 2009). *See also State v. Smith*, 102 Wn.2d 449, 453, 688 P.2d 146 (1984). The jury in Plaintiff's criminal case was given a "necessity" defense instruction. A "necessity" defense excuses a violation of the law by an individual if he reasonably believes commission of a crime was necessary for him to defend his property from harm.[5] Plaintiff was convicted of two counts of killing game out of season, but those two convictions were reversed by the state supreme court. The trial court gave an incorrect "necessity" instruction which improperly shifted the burden of proof to Plaintiff. Furthermore, the trial court failed to give a unanimity instruction and there was "no assurance that the two convictions were the unanimous decision of all jurors finding guilt for the same criminal act because of the lack of a unanimity instruction and the State's failure to tie the evidence to particular animals." *Vander Houwen*, 163 Wn.2d at 40. Reversal of Plaintiff's two counts of conviction on legal grounds (inadequate jury instructions) does not mean probable cause was lacking to charge the Plaintiff with those counts and have a jury determine beyond a reasonable doubt whether Plaintiff shot those two particular elk and, if so, whether he was entitled to a reasonable "necessity" defense. In its decision, the state supreme court noted that "[a] property owner need not demonstrate exhaustion of every remedy, but a fact finder may take into consideration the measures provided by the wildlife code and the Department when determining what is 'reasonably necessary.'" *Id*. at 34

Plaintiff's Second Amended Complaint fails to allege there was a lack of probable cause to charge and try him for 10 counts of waste of wildlife and 10 counts of killing game out of season, and that the charges were motivated by

---

[5] The fact Plaintiff was convicted of two counts leads to a reasonable conclusion that the "necessity" defense was not accepted by the jury and the basis for acquittal on the other 18 counts was due to the fact that .270 slugs were not found in the eight other killed elk.

**ORDER OF DISMISSAL-    8**

malice. Moreover, *State v. Vander Houwen* makes it clear there is not any basis for such allegations.

## II. CONCLUSION

A 12(b)(6) dismissal can be based on facts which can be judicially noticed. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The facts recited in *State v. Vander Houwen*, a judicial decision of public record, are subject to judicial notice by this court. Those facts are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Those facts make it clear that any negligence claims asserted in Plaintiff's Second Amended Complaint for damage to his orchard are time-barred by the applicable statutes of limitations. Those facts also make it clear that the Second Amended Complaint fails to state any malicious prosecution claims (state law or federal Section 1983) upon which relief can be granted. Some of the named Defendants are immune from such claims and, in any event, probable cause supported the charges brought against the Plaintiff and the charges were not motivated by malice.

The court does not lack sympathy for the Plaintiff, but the fact is he had adequate opportunity to seek compensation for damage to his orchard which he did not timely exercise. As far as the criminal prosecution of Plaintiff, his vindication and solace will have to be that he was acquitted of the majority of the charges brought against him and that the State dismissed the remaining charges of which he was convicted following the supreme court's decision in *State v. Vander Houwen*.

Plaintiff's Second Amended Complaint and this action are **DISMISSED with prejudice**. Further amendment of the complaint cannot overcome the legal obstacles discussed herein which are apparent from the supreme court's decision in *State v. Vander Houwen*.

**ORDER OF DISMISSAL-    9**

**IT IS SO ORDERED.** The District Court Executive is directed to enter judgment accordingly and forward copies of the judgment and this order to Plaintiff and counsel of record for any of the Defendants.

**DATED** this ___22nd___ day of October, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER OF DISMISSAL-    10**